IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOMAS R. LOPEZ,

      Plaintiff,

v.                          No. 15cv829 KG/LF

NEW MEXICO PUBLIC EDUCATION DEPARTMENT, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 21, 2015 ("Application"). For the reasons stated below, the Court will **DENY** Plaintiff's Application.   Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee[1] for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.   Failure to timely pay the fee or show cause may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $50.00 administrative fee.

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. However, the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

The Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating that he is unable to pay the costs of this proceeding and provided the following information: (i) his and his wife's estimated combined monthly income next month is $7,000.00 but notes that his current employment, at $2,000.00 per month, is temporary; (ii) his and his wife's estimated monthly expenses are $4,313.00; (iii) he was unemployed the previous 12 months during which he exhausted his retirement funds to pay his monthly obligations; (iv) he and his wife own a home valued at $90,000.00 and other real estate

---

[2] At the time of the ruling in *Brewer*, the filing fee for the appeal was $100.00. *See* 28 U.S.C.A. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. *See* Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7, Brewer v. City of Overland Park Police Department, No. 01-3055 (10th Cir. May 11, 2001).

valued at $100,000.00; and (v) he is delinquent on a mortgage by three months and the bank has begun foreclosure. The combined monthly income of Plaintiff and his wife, by his own accounting, currently exceeds their monthly expenses by approximately $2,600.00. *See Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)) ("[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."). The Court finds that Plaintiff is able to pay the costs of this proceeding.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 21, 2015, is **DENIED.** Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.

_____
**UNITED STATES DISTRICT JUDGE**