IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMAS R. LOPEZ,

    Plaintiff,

vs.                                                                                            Civ. No. 15-829 KG/LF

NEW MEXICO PUBLIC EDUCATION
DEPARTMENT, MR. PAUL AGUILAR,
MS. DENISE KOSCIELNIAK, and MR.
GABRIEL BACA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Rule 12(e) Motion for a More Definite Statement (Rule 12(e) Motion), filed on February 16, 2016.  (Doc. 18).  Plaintiff did not respond to the Rule 12(e) Motion.  Having considered Plaintiff's failure to respond to the Rule 12(e) Motion and the merits of the Rule 12(e) Motion, the Court grants the Rule 12(e) Motion and orders Plaintiff to file an amended complaint as described herein.

The Court acknowledges that Plaintiff is proceeding *pro se*.  As with any party, *pro se* parties are subject to the Federal Rules of Civil Procedure and to the Court's local rules.  *Castro v. Director, F.D.I.C.*, 449 Fed. Appx. 786, 788 (11th Cir. 2011); *Williamson v. Owners Resort & Exch.,* 90 Fed. Appx. 342, 345 (10th Cir. 2004).  The Court notes that D.N.M. LR-Cv 7.1(b), a Local Rule, states that the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  Because Plaintiff did not file a response to the Rule 12(e) Motion, he is deemed to have consented to it.  Nonetheless, the Court will analyze whether the Rule 12(e) Motion has merit.

The Federal Rules of Civil Procedure require complaints to be comprehensible and provide a "'short and plain' statement of the claims sufficient to give the defendants reasonable and fair notice of the basis of the claims…." *Williamson*, 90 Fed. Appx. at 345; Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading [i.e., a complaint in this case] to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Whether to grant or deny a Rule 12(e) motion lies within the sound discretion of the court. *Bradley v. Val–Mejias,* 2001 WL 1155292, at *1 (D. Kan.) (citing *Graham v. Prudential Home Mortgage Co.,* 186 F.R.D. 651, 653 (D.Kan.1999)). Although Rule 12(e) motions are generally disfavored, the court should grant such motions "when a party is unable to determine the issues requiring a response ... [T]he standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Shaffer v. Eden,* 209 F.R.D. 460, 464 (D. Kan. 2002) (citations omitted).

The Court agrees with Defendants that framing a response to Plaintiff's complaint would be extremely difficult. Plaintiff used a generic 42 U.S.C. § 1983 complaint form, but he generally refers to retaliation, discrimination based on age and disability, and a hostile work environment. Plaintiff fails to specify the statutes or law under which he is bringing his claims. Without such information, Defendants do not have sufficient notice of the claims against them and cannot properly formulate a response to the complaint.

IT IS, THEREFORE, ORDERED that

1. Defendants' Rule 12(e) Motion for a More Definite Statement (Doc. 18) is granted;

2. Plaintiff has fourteen days from the date of the filing of this Memorandum Opinion and Order to file an amended complaint which sets forth the legal bases for his claims including

a brief description of what legal claim he is bringing under each count and citation to the statute or law giving rise to that count;

    3.  Plaintiff in preparing his amended complaint must consider

        a.  whether he is suing under state law, federal law, or both;

        b.  whether he is bringing constitutional or statutory claims, or both; and

    4.  failure to file an amended complaint as ordered will result in the dismissal of the complaint without prejudice.

_____
UNITED STATES DISTRICT JUDGE